IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELGARDO SCOTT, JR., ) | |
| ) | Civil Action No. 2:16-cv-389 |
| Plaintiff, ) | |
| ) | District Judge David Stewart Cercone |
| v. ) | |
| ) | Magistrate Judge Lisa Pupo Lenihan |
| REGULUS INTEGRATED SOLUTIONS, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

**LENIHAN, United States Magistrate Judge**

### I.   RECOMMENDATION

It is respectfully recommended that this civil action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and that the Defendant's motion to dismiss pursuant to Rule 12(b)(6) (ECF No. 13) be denied as moot.

### II.   REPORT

#### A. Background Facts[1]

On February 15, 2016, Plaintiff Delgardo Scott, Jr. ("Plaintiff") received a computer-generated bill for charges allegedly due on a sprint phone account, Number 776990044, in the name of "Delgardo Scott." Compl. "Facts," ¶II (ECF No. 3); Compl. Ex. A (ECF No. 3-1). The computerized bill indicated outstanding charges in the amount of $315.26 and a return payment address of "PO Box 4191, Carol Stream, IL 60197-4191." Compl. Ex. A (ECF No. 3-1).

The following day, Plaintiff sent a "validation notice," along with the bill, to the return address in Carol Stream, Illinois. Compl. "Facts," ¶III; Compl. Exs. B (ECF No. 3-2), C (ECF

---

[1] The following facts are taken from the allegations in Plaintiff's complaint and information set forth in his attached exhibits.

1

No. 3-3), and F (ECF No. 3-6). In his "validation notice," Plaintiff disputed the charge and requested validation and proof of the debt "in accordance with the Fair Debt Collection Practices Act." Compl. Ex. F at p. 1 (ECF No. 3-6). In particular, Plaintiff requested that, within thirty (30) days, the recipient provide an affidavit and state: the alleged creditor's name and address, the name on file of the alleged debtor, the relevant account number, the amount of the alleged debt, a copy of any signed agreement or other verifiable proof demonstrating the debtor's contractual obligation to pay, the date on which the debt became payable, and the date of original charge off or delinquency (among other things). *Id.* at pp. 5-6. On February 18, 2016, Plaintiff's "validation notice" was delivered and accepted by Defendant Regulus Integrated Solutions ("RIS"). Compl. "Facts," ¶IV; Compl. Ex. E (ECF No. 3-5).

To date, Plaintiff has not received any response from RIS validating the alleged debt. Compl. "Facts," ¶XI. Having received no "validation" from RIS, Plaintiff contends that RIS has no legal right to collect any debt from him. *Id.* at ¶XIV.

### B. Procedural History

Based on the foregoing events, Plaintiff commenced this *pro se* civil action against RIS with the filing of a motion for leave to proceed *in forma pauperis* (ECF No. 1). The motion was granted on April 8, 2016 (ECF No. 2), and the complaint was filed that same day (ECF No. 3.)

In his complaint, Plaintiff alleges that RIS committed mail fraud, as well as violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692-1692p, and the Federal Trade Commission Act ("FTCA"), 15 U.S.C. §§ 41-58. By way of relief, Plaintiff seeks: (A) declaratory relief, (B) actual damages for "injury to [P]laintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress"; (C) statutory damages; and (D) "such other and further relief as may be just and proper." Compl. "Relief," ¶¶ I and II.

Following service of the complaint, Defendant filed a motion to dismiss and supporting brief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 13). The motion currently remains pending before the Court. Plaintiff was directed to file his response and/or opposition to the motion by August 15, 2016.

After Plaintiff failed to file any response, this Court entered an order (ECF No. 18) directing Plaintiff to show cause why this Court should not recommend the dismissal of the case with prejudice pursuant to Federal Rule of Civil Procedure 41(b), based on Plaintiff's failure to prosecute. To date, Plaintiff has failed to comply with the Court's "show cause" order.

### C. Discussion

Rule 41(b) of the Federal Rules of Civil Procedure addresses the involuntary dismissal of an action or a claim. It provides that:

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits.

"Under Rule 41(b), a district court has authority to dismiss an action sua sponte if a litigant fails to prosecute or to comply with a court order." *Qadr v. Overmyer*, No. 15-3090, 642 F. App'x 100, 102 (3d Cir. 2016) (*per curiam*) (citing Fed.R.Civ.P. 41(b)); *see also Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994) (recognizing that a court can dismiss a case *sua sponte* under Rule 41(b)) (discussing *Link v. Wabash R.R.*, 370 U.S. 626, 632 (1962)).

In deciding whether to dismiss a case for failure to prosecute, courts consider several factors, including: (1) the extent of the party's personal responsibility; (2) the prejudice to the opposing party caused by the failure to meet scheduling orders and respond to discovery; (3) any

3

history of dilatoriness; (4) whether the conduct of the party or the attorney has been willful or in bad faith; (5) whether effective alternative sanctions are available; and (6) the merits of the claim or the defense. *Qadr*, 642 F. App'x at 102 (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir.1984)). "There is no 'magic formula' or 'mechanical calculation' for balancing the *Poulis* factors, and a District Court need not find all of the factors satisfied in order to dismiss a complaint." *Id*. at 102-03 (citing *Briscoe v. Klaus*, 538, F.3d 252, 263 (3d Cir. 2008)). The decision to dismiss for failure to prosecute is committed to the district court's sound discretion. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 230 (3d Cir.1998) (reviewing the district court's dismissal for failure to prosecute pursuant for abuse of discretion), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City School Dist.*, 550 U.S. 516 (2007).

Based on its review of the aforementioned *Poulis* factors, this Court concludes that a dismissal of the instant civil action is warranted. The Court's analysis of each factor follows.

1. <u>The Extent of the Party's Personal Responsibility</u>

Plaintiff is proceeding in this matter *pro se*. There is no indication that his current address of record is inaccurate or that he otherwise failed to receive the Court's prior briefing and show-cause orders. [In fact, the Court's staff notes reflect that Plaintiff was present in chambers on May 6, 2016, at which time a staff member verified the accuracy of his address of record.] Plaintiff is therefore solely responsible for his failure to comply with the Court's directives.

2. <u>A History of Dilatoriness</u>

Defendant filed its motion to dismiss (ECF No. 13) and supporting brief (ECF No. 14) on July 23, 2016. Plaintiff was ordered to file his response and/or brief in opposition to the motion

4

by August 15, 2016 (ECF No. 15). He did not do so, nor did he articulate any just cause for an extension of the briefing deadline. On August 29, 2016, two weeks after Plaintiffs' response was due, this Court ordered Plaintiff to show cause why it should not recommend the dismissl of this action with prejudice based on Plaintiff's failure to prosecute (ECF No. 18). Plaintiff was given twenty-one (21) days in which to respond to the Court's "show cause" order, but once again he failed to submit any response. In this Court's estimation, Plaintiff's history of dilatoriness demonstrates that he does not intend to proceed with this case in a timely fashion.

3. <u>Prejudice to the Adversary</u>

In *Poulis*, prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories. In this case, Defendant has been prejudiced to the extent that Plaintiff's noncompliance with the Court's orders has impeded the Defendant's ability to obtain a timely adjudication of the merits of its motion.

4. <u>Whether the Party's Conduct Was Willful or in Bad Faith</u>

As noted, there is no indication on this record that Plaintiff's failure to comply with the Court's orders was the result of any lack of notice or other excusable neglect. Thus, it appears that his failure in this regard is willful.

5. <u>Alternative Sanctions</u>

Plaintiff is proceeding *pro se* and *in forma pauperis* in this action. It is therefore likely that any sanction imposing costs or fees upon him would be ineffective.

6. <u>Meritorious of the Claim or Defense</u>

Under Federal Rule of Civil Procedure 12(b)(6), a complaint should be dismissed if, accepting all well-pled averments and reasonable inferences as true, it fails to state a claim upon which relief can be grounded. *See* Fed. R. Civ. P. 12(b)(6); *Fowler v. UPMC Shadyside*, 578

F.3d 203, 206 (3d Cir. 2009) (discussing the applicable standard of review). The facts pled must be sufficient to state a facially plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a). Where the complainant is proceeding *pro se,* the court must construe the complaint liberally. *See Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

In its Rule 12(b)(6) motion, RIS seeks a dismissal of all claims set forth in the complaint. In this Court's view, RIS's motion appears to have merit.

In part, the complaint asserts that RIS engaged in mail fraud in violation of 18 U.S.C. §1341. The elements of mail fraud are: (1) a scheme or artifice to defraud for the purpose of obtaining money or property, (2) participation by the defendant with specific intent to defraud, and (3) use of the mails or wire transmissions in furtherance of the scheme. *Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 105 (3d Cir. 2012). Allegations of fraud must be pled with specificity. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake"); *Lum v. Bank of Am.*, 361 F.3d 217, 224 (3d Cir. 2004) ("In order to satisfy Rule 9(b), plaintiffs must plead with particularity the circumstances of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent beehavior.") (internal quotation marks and citation omitted). As RIS notes, the complaint contains no allegation that RIS either sent the Sprint letter to him or caused it to be sent. The letter itself does not identify or reference RIS, and Plaintiff does not allege that RIS authored the letter or that it made any representations to him, false or otherwise. No facts have been pled to plausibly establish that RIS intended to defraud Plaintiff. At best, the complaint sets

6

forth conclusory allegations that fail to satisfy Rule 9's heightened pleading standard. *See, e.g.,* Compl. "Facts," ¶XVI ("The defendant Regulus Integrated Solutions has violated Title 18 Part 1 Chapter 63 §1341, in a scheme to try to collect a false debt from plaintiff.").

Plaintiff also seeks relief under the FDCPA. He appears to be asserting a claim, in part, under 15 U.S.C. §1692g(b),[2] pertaining to "disputed debts." To state a cause of action under this provision, a plaintiff must set forth facts showing that: (1) he sent a writing to the debt collector disputing the debt and thereby triggered the verification requirements; (2) the debt collector's response did not satisfy the verification requirements; and (3) the debt collector thereafter engaged in post-dispute conduct that amounted to prohibited debt collection activity. *See Tauro v. Asset Acceptance*, No. 2:12-CV-00418, 2012 WL 2359954, at *3 (W.D. Pa. June 20, 2012) (*citing* 15 U.S.C. § 1692g(b) and *Peterson v. Portfolio Recovery Associates, LLC*, 430 F. App'x 112, 116 n. 3 (3d Cir. 2011)). Federal courts have recognized that there is no violation of §1692g(b) in the absence of the third element. *See, e.g., Hepsen v. Resurgent Capital Servs., LP,* 383 F. App'x 877, 881–82 (11th Cir. 2010) (noting that "a debt collector is not required to take some other affirmative step if the consumer disputes the debt"; rather, "[t]he plain language of §1692g(b) requires only that a debt collector cease collection of the debt if it is disputed, unless

---

[2] The provision states:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C.A. § 1692g (West).

the debt collector verifies the debt or the name and address of the original creditor and mails that information to the debtor"); *Smith v. Transworld Sys., Inc.,* 953 F.2d 1025, 1031-32 (6th Cir. 1992) (upholding district court's finding that debt collector did not violate 1692g(b) where its second collection letter was the result of a *bona fide* error, and it ceased debt collection activities thereafter). Here, there is no allegation that RIS engaged in any collection activity after Plaintiff sent his "validation notice" on February 16, 2016. Accordingly, no violation of §1692g(b) has been stated.

Plaintiff also appears to be asserting a FDCPA claim under 15 U.S.C. §1692e, which prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Among the types of conduct that constitute a violation are the following:

>**(2)** The false representation of –
>
>>**(A)** the character, amount, or legal status of any debt; or
>>
>>**(B)** any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
>
>\*\*\*
>
>**(8)** Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
>
>\*\*\*
>
>**(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §1692e(2), (8), and (10). Although the complaint suggests that Plaintiff is purporting to invoke these provisions, the complaint fails to allege facts that would demonstrate a plausible violation of §1692e(2), (8) or (10). Again, Plaintiff's FDCPA claim is based on his receipt of the Sprint billing letter, but the complaint does not allege any facts to demonstrate that RIS made any false, deceptive, or misleading representation to collect the alleged debt. At most, the

complaint merely asserts in conclusory fashion that "[t]he defendant Regulus Integrated Solutions has made knowing and intentional misrepresentations or misleading and/or false representations as to the legal status, character, and/or amount of the debt in violation of 15 U.S.C. §1692e." Compl. "Facts," ¶XV. These types of allegations do not satisfy the federal pleading standards under Federal Rule of Civil Procedure 8(a), as interpreted by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Finally, the complaint appears to assert a cause of action under the FTCA. As RIS points out, however, the FTCA vests enforcement authority in the Federal Trade Commission alone; it does not afford aggrieved parties a private right of action. *See, e.g., Yumilicious Franchise, L.L.C. v. Barrie,* 819 F.3d 170, 176 (5th Cir. 2016); *Holloway v. Bristol–Meyers Corp.*, 485 F.2d 986 (D.C. Cir.1973); *In re: Cmty. Health Sys., Inc.,* No. 15-CV-222-KOB, 2016 WL 4732630, at *26 (N.D. Ala. Sept. 12, 2016); *Gardner v. Nationstar Mortg. LLC*, No. 2:14–cv–1583–TLN–CKD, 2015 WL 1405539, at *8 (E.D. Cal. Mar. 26, 2015); *Bans Pasta, LLC v. Mirko Franchising LLC,* 2014 WL 637762, at *12 (W.D. Va. Feb. 12, 2014); *Doty v. Bayview Fin. L.P.*, No. CIV.A 08-4090(JEI), 2009 WL 4757569, at *1 (D.N.J. Dec. 4, 2009). In sum, this Court's review of the complaint and the Defendant's pending motion to dismiss indicate that the motion has merit.

The United States Court of Appeals for the Third Circuit has admonished that "[a] district court should not dismiss a *pro se* complaint without allowing the plaintiff an opportunity to amend his complaint unless an amendment would be inequitable or futile." *Ray v. First Nat'l Bank of Omaha*, 413 F. App'x 427, 430 (3d Cir. 2011). Based on the limited record before the Court, it is not clear whether Plaintiff would be able to cure all of the deficiencies in his

9

complaint, consistent with the federal pleading standards discussed herein. The deficiencies in Plaintiffs' FTCA claim cannot be cured, but the mail fraud and FDCPA claims might theoretically be subject to a curative amendment.

    7. <u>Summary of the *Poulis* Factors</u>

On balance, this Court finds that the *Poulis* factors weigh in favor of a recommendation of dismissal. The Third Circuit Court of Appeals has stated that "a district court dismissing a case *sua sponte* 'should use caution in doing so because it may not have acquired knowledge of the facts it needs to make an informed decision.'" *Qadr*, 642 F. App'x at 103 (citing *Briscoe*, 538 F.3d at 258). Before engaging in a *sua sponte* dismissal, "the district court 'should provide the plaintiff with an opportunity to explain his reasons for failing to prosecute the case or comply with its orders.'" *Id*. (quoting *Briscoe*, 538 F.3d at 258). Plaintiff has been given such an opportunity in this case, but he has nevertheless failed to provide any response or explanation that would account for his repeated failures to move this litigation forward. Accordingly, a *sua sponte* dismissal of the Plaintiff's claims is warranted.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that: (i) this civil action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b), and (ii) the Defendant's motion to dismiss pursuant to Rule 12(b)(6) be denied as moot.

In accordance with the Federal Magistrate Judge's Act, 28 U.S.C. §636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of this Report and Recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date of service of objections to repond thereto. Failure to file timely objections will constitute a waiver of any appellate right.

Dated: October 19, 2016    BY THE COURT:

LISA PUPO LENIHAN
United States Magistrate Judge


cc:   Delgardo Scott, Jr.
      3835 Hiawatha Street #4
      Pittsburgh, PA 15212-1758
      *Via First Class, U.S. Certified Mail*

      Counsel of record
      *Via CM/ECF Electronic Mail*